UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. FAIR, JR., <br><br> Petitioner, <br><br> v. <br><br> MATTHEW ATCHLEY, Warden, <br><br> Respondent. | No. 2:20-cv-1107 JAM DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moved to dismiss the petition, asserting it is a mixed petition with claims one and two unexhausted. (ECF No. 13.) Petitioner concedes that claims one and two are unexhausted and has requested a stay under either <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005) ("<u>Rhines</u>") or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002) ("<u>Kelly</u>"). (ECF No. 16.) Respondent opposes a stay under <u>Rhines</u> but does not oppose a stay under <u>Kelly</u>.

Petitioner fails to meet the requirements for a stay and abeyance under <u>Rhines</u>. Accordingly, the undersigned recommends the motion be granted under the <u>Kelly</u> procedure.

**I. Background**

The petition raises three claims challenging petitioner's 2017 convictions and sentence entered by the Superior Court of Sacramento County for attempted premeditated murder and assault with a firearm. (ECF No. 8.) Petitioner admits he raised only one of the three claims in

1

state court. (ECF No. 16 at 1.) His federal habeas petition is, therefore, a mixed petition.

Petitioner's exhausted claim alleges a violation of due process based on the admission of prejudicial testimony. Petitioner requests a stay of his petition in order that he may return to state court to exhaust the following two claims: (1) ineffective assistance of appellate counsel; and (2) due process violation based on the denial of a motion for resentencing.

## II. Applicable Law and Analysis

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. A district court may not adjudicate a federal habeas corpus petition unless the petitioner has exhausted state remedies on each of the claims raised in the petition. Rose v. Lundy, 455 U.S. 509, 522 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). A "mixed petition," meaning a petition containing both exhausted and unexhausted claims, is subject to dismissal. Id.; Coleman v. Thompson, 501 U.S. 722, 731 (1991).

### A. Rhines Stay

The United States Supreme Court permits a district court to stay all the claims in a petition while the petitioner returns to the state courts to exhaust his already pled but unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Such a stay and abeyance is "available only in limited circumstances" because it "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. In order to warrant a Rhines say, a petitioner must demonstrate the existence of three factors: (1) "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id.

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under Rhines does not require a showing of "extraordinary circumstances," Jackson v. Roe, 425 F.3d 654, 661-

2

62 (9th Cir. 2005), "unspecific, unsupported excuses for failing to exhaust—such as unjustified ignorance—[do] not satisfy the good cause requirement," Blake, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify his failure to exhaust his claims." Id. at 982.

Here, petitioner states the unexhausted claims were neither developed nor raised by counsel on direct appeal and that petitioner was without proper guidance as to the rules regarding exhaustion. (ECF No. 16 at 4.) Respondent opposes a Rhines stay, arguing petitioner's explanation does not make a sufficient showing of good cause, and, in addition, that petitioner has not shown he did not intentionally engage in dilatory tactics. (ECF No. 18 at 4.)

The Ninth Circuit has held the good cause requirement is established when a federal habeas petitioner's attempt to exhaust failed because the petitioner was not represented by counsel in state collateral proceedings. Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017). However, district courts in this circuit have found that "Dixon does not apply and good cause is lacking when a [pro se] petitioner has not filed any relevant state habeas petitions, particularly when there is evidence that the petitioner has not been expeditious in seeking relief." Stacy v. Gastelo, No. CV 17-5482-RGK (JPR), 2018 WL 1750622, at *2 (C.D. Cal. Feb. 20, 2018) (citing Dixon, 847 F.3d at 721); see Sangurima v. Montgomery, No. 2:17-cv-05022-PSG-KES, 2017 WL 7371168, at *2 (C.D. Cal. Dec. 12, 2017) (same). Here, petitioner did not file any state habeas petitions.

Moreover, the Supreme Court has flatly rejected the notion that pro per petitioners may be excused from the exhaustion requirement because they cannot be expected to understand the exhaustion requirement. Rejecting a dissenting view that exhaustion "will serve to 'trap the unwary pro se prisoner,'" the Court long ago stated plainly that the exhaustion rule

> provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court. Just as pro se petitioners have managed to use the federal habeas machinery, so too should they be able to master this straightforward exhaustion requirement.

Rose v. Lundy, 455 U.S. 509, 519-20 (1982).

////

For these reasons, lack of counsel to assist with state habeas review, alone or in combination with a petitioner's legal inexperience, does not amount to good cause for failure to exhaust. See generally Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding that issuing routine stay and abeyance orders would be contrary to Rhines' instruction that district courts only stay mixed petitions in "limited circumstances"). Because petitioner has not shown good cause shown for the failure to exhaust, the petition cannot be stayed under Rhines.

### B. Kelly Stay

In the alternative, petitioner requests a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Respondent does not oppose a stay under Kelly.

"[T]he Kelly procedure... is not premised upon a showing of good cause." King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). Under Kelly, a case moves through three stages: first, the petitioner amends his petition to delete any unexhausted claims; second, the court, in its discretion, stays the amended, fully-exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and third, once the deleted claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition, adding back the newly-exhausted claims. See Kelly, 315 F.3d at 1070-71 (citing Calderon v. U.S. Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)).

Under Kelly, however, a petitioner is only be able to amend his petition with his newly exhausted claim if that claim is "timely" when amendment is sought. See King, 564 F.3d at 1140-41. Unlike filing an application for state habeas relief, filing a federal habeas claim does not toll AEDPA's statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181 (2001). To be timely, a claim must either (1) meet AEDPA's statute of limitations requirements, see 28 U.S.C. § 2244(d)6 or (2) "relate back" to claims contained in the original petition that were exhausted at the time of filing. See King, 564 F.3d at 1143; Mayle v. Felix, 545 U.S. 644, 664 (2005). A claim that simply arises from "the same trial, conviction, or sentence" does not necessarily relate back to the initial claims. See Mayle, 545 at U.S. 659. To "relate back," the new claim must share a "common core of operative facts" with the claims in the pending petition. Id.

////

Thus, after a stay under Kelly, petitioner will either need to meet one of the two requirements: his amended petition must be timely under AEDPA or his newly exhausted claims must "relate back" to his previously exhausted claims. The undersigned expresses no opinion as to whether petitioner will be able to meet either of these requirements. See Pliler v. Ford, 542 U.S. 225, 233 (2004) (finding that district courts need not "give specific advisements as to the availability and wisdom" of various options when seeking a stay of habeas petition).

Here, petitioner has already submitted a first amended petition which contains only his exhausted claim. (ECF No. 15.) Petitioner has, therefore, satisfied the first step under Kelly. Absent any other procedural bars, this route will allow petitioner's exhausted claim to be considered by this court. As set forth, petitioner will later need to either show that any newly exhausted claims are timely or that they relate back to his original exhausted claim. Therefore, while it is being recommended that petitioner's motion to stay be granted under Kelly, the court does not at this time reach the question of whether either of petitioner's unexhausted claims may later be presented in this action by way of amendment. The court will address that question when, and if, petitioner seeks leave to present his newly exhausted claims to this court in a further amended federal petition under the third step of Kelly.

For the foregoing reasons, IT IS HEREBY ORDERED that petitioner need not file a response to respondent's motion to dismiss (ECF No. 13) at this time; if the motion to dismiss does not become moot by an order adopting these findings and recommendations, then petitioner will be provided an opportunity to respond to the motion to dismiss.

In addition, IT IS RECOMMENDED:

1. Petitioner's motion to stay (ECF No. 16) be DENIED under the procedure set forth in Rhines, 544 U.S. 269, and GRANTED under the procedure authorized by the Ninth Circuit in Kelly, 315 F.3d 1063;

2. The first amended petition for writ of habeas corpus (ECF No. 15) be deemed filed and respondent's motion to dismiss (ECF No. 13) be denied without prejudice as moot;

3. This action be STAYED pending further exhaustion of state remedies;

////

4. Petitioner be DIRECTED to file an initial status report detailing his progress in the state courts within thirty (60) days of the date of service of any order adopting these findings and recommendations, and then to file periodic status reports every ninety (90) days thereafter until exhaustion is complete;

5. Petitioner be DIRECTED to file an amended petition containing all exhausted claims within thirty (30) days following the final order of the state courts;

6. Petitioner be forewarned that failure to comply with the order to file status reports will result in the court vacating the stay; and

7. The Clerk of the Court be directed to administratively close this case for purposes of case status, pending exhaustion.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2021

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
fair1107.kellystay