UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. FAIR, JR. | No. 2:20-cv-01107-TLN-DB |
| Petitioner, | |
| v. | **ORDER** |
| MATTHEW ATCHLEY | |
| Respondent. | |

This matter is before the Court on pro se Petitioner Joseph Fair, Jr.'s ("Petitioner") Motion for Relief from Judgment.[1] (ECF No. 35.) Respondent Matthew Atchley ("Respondent") did not file an opposition. For the reasons set forth below, the Court DENIES Petitioner's motion.

///

///

///

///

///

///

///

---

[1] As discussed below, the Court construes Petitioner's objections as a motion for relief from judgment.

1

1    A detailed recitation of the factual and procedural history is not necessary for the
2    disposition of Petitioner's motion.  In short, Petitioner is a state prisoner challenging his criminal
3    convictions via a writ of habeas corpus.  (ECF No. 15.)  On July 14, 2023, the magistrate judge
4    made findings and recommended the Court deny Petitioner's habeas petition for failing to meet
5    the standards set forth in 28 U.S.C. § 2254(d) ("F&Rs").  (ECF No. 32.)  The F&Rs were served
6    on Petitioner that same day via U.S. mail, and any objections thereto were due within thirty (30)
7    days.  (*Id.*)  Petitioner did not file any objections to the F&Rs within the applicable timeframe.

8    On September 5, 2023, the Court reviewed the F&Rs and found them to be supported by
9    the record and the magistrate judge's analysis and adopted the F&Rs in full.  (ECF No. 33.)  The
10   Clerk of Court entered Judgment, closing the case, that same day.  (ECF No. 34.)

11   On October 20, 2023, Petitioner filed objections to the F&Rs, principally contending the
12   trial court prejudicially erred during his underlying criminal trial and requesting the Court permit
13   him to file late objections to the F&Rs because he has good cause.  (ECF No. 35.)  Petitioner
14   maintains the prosecution of his habeas petition was contingent upon legal assistance provided by
15   the prison where he is housed, and the legal assistant working on his case was let go.  (*Id.*)  As a
16   result, Petitioner contends he was unable to timely file objections to the F&Rs.  (*Id.*)

17   As discussed above, Petitioner's objections to the F&Rs were due thirty (30) days after
18   service.  Petitioner filed objections more than thirty days after service and after the clerk entered
19   Judgment in this case.  Thus, Petitioner's objections are untimely and improper.  Nevertheless,
20   the Court construes Petitioner's objections as a motion for relief from judgment.  *See Hebbe v.*
21   *Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (court must construe pro se plaintiff's pleadings
22   liberally).

23   On motion and just terms, a district court may relieve a party from a final judgment for the
24   following reasons:

25      (1) mistake, inadvertence, surprise, or excusable neglect;
26      (2) newly discovered evidence that, with reasonable diligence,
27      could not have been discovered in time to move for a new trial
28      under Rule 59(b);

2

        (3) fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;

        (4) the judgment is void;

        (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

      Petitioner does not argue any of the first five categories (nor does the Court find them applicable), leaving only the sixth, catchall category.  While Petitioner may have good cause for submitting late objections, Petitioner has failed to demonstrate he is entitled to relief from Judgment.  The Court has already reviewed the F&Rs and found them to be supported by the record and well-reasoned.  (ECF No. 33.)  Thus, permitting late objections to the F&Rs would be futile.

      Accordingly, the Court DENIES Petitioner's Motion for Relief from Judgment.  (ECF No. 35.)

      IT IS SO ORDERED.

Date: May 15, 2024

                                  Troy L. Nunley
                                  United States District Judge